**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roberto SOLIS–CABRALLES, a.k.a. David Contreras, a.k.a. Javier Zasueta, Defendant–Appellant.**

No. 12–10316.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted June 18, 2013.*

Filed June 21, 2013.

Nirav Kaushik Desai, USSAC–Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Quin Anthony Denvir, Davis, CA, for Defendant–Appellant.

Before: TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

## MEMORANDUM **

Roberto Solis–Cabralles appeals from the district court's judgment and challenges the 77–month sentence imposed following his jury-trial conviction for two counts of being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Solis–Cabralles contends that the district court erred by denying him a two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a), because his pre-trial statements demonstrated his acceptance of responsibility. The parties dispute the standard of review that applies to this claim. Contrary to Solis–Cabralles's argument, the district court did not misapprehend the law with respect to the adjustment for acceptance of responsibility. We therefore review the district court's finding that Solis–Cabralles did not accept responsibility

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

for his offense for clear error. See United States v. Garrido, 596 F.3d 613, 617 (9th Cir.2010).

The district court considered Solis–Cabralles's pre-trial statements but denied the adjustment based on the record as a whole, including Solis–Cabralles's conflicting statements to immigration authorities and his suggestion that his presence in the United States was involuntary. The district court did not clearly err in denying the adjustment. See United States v. Molina, 596 F.3d 1166, 1169–70 (9th Cir.2013).

**AFFIRMED.**